IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHALI RENEE KIRKWOOD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:23-cv-70-TFM-B |
| ) | |
| NANCY BUCKNER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Defendants' Motion to Dismiss or for More Definite Statement (Doc. 3, filed 2/23/23). Plaintiffs timely filed their response. *See* Doc. 7. No reply was submitted by the Defendants. The motion is fully submitted and ripe for review. After a careful review of the motion, response, the pleadings, and the relevant case law, the Court **GRANTS in part**, **DENIES in part, and DENIES in part as moot** the motion to dismiss for the reasons articulated below.

### I. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (violation of a civil right). Further, the Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state-law claims that are alleged in the complaint.

The district court has personal jurisdiction over the claims in this action because the events that gave rise to this action are alleged to have occurred within this district. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint.

. . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated.  The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state.").

Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events, acts, or omissions given rise to this dispute took place in the Southern District of Alabama and it is also the located where all defendants are domiciled.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are Shali Renee Kirkwood, Jack Paul Kirkwood, and S.R.K., a minor child (brought by Shali Renee Kirkwood as the mother, legal guardian, and next friend).  The adult plaintiffs will be referenced as "the Kirkwoods").

The bring suit against the following defendants:

(1)    Nancy Buckner ("Commissioner Buckner"), both individually and in her official capacity as Commissioner of the Alabama Department of Human Resources;

(2)    Remigia T. Coleman ("Director Coleman"), both individually and in her official capacity as Director of, employee, and representative of the Baldwin County Department of Human Resources;

(3)    Tina Green ("Green"), both individually and in her official capacity as supervisor, employee, and representative of the Baldwin County Department of Human Resources;

(4)    Miya L. Bell ("Bell"), both individually and in her official capacity as supervisor, employee, and representative of the Baldwin County Department of Human Resources;

(5)    Charanise A Brown ("Brown"), both individually and in her official capacity as

employee and representative of the Baldwin County Department of Human Resources;

   (6)  Shelby N. Campbell ("Campbell"), both individually and in her official capacity as employee and representative of the Baldwin County Department of Human Resources;

   (7)  Alexandria Waffle ("Waffle"), both individually and in her official capacity as employee and representative of the Baldwin County Department of Human Resources; and

   (8)  Several fictitious parties.

*See* Doc. 2-2 at 1-2.  The Defendants shall be collectively referenced as "the DHR Defendants."

   Plaintiffs assert seven (7) counts against the defendants for: (1) negligence and/or wantonness, (2) outrage, (3) negligence per se, (4) failure to protect from harm pursuant to 42 U.S.C. § 1983, (5) fraud – suppression of material fact, (6) fraud – misrepresentation of material fact / deceit / deceit with intent to induct injury or risk, and (7) civil conspiracy.  *Id*. at 4-13.  They seek compensatory damages, punitive damages, attorneys' fees, and costs.  *Id*. at 13.

   Plaintiffs assert generally that in September 2022, the Kirkwoods were contacted by Brown who asked them to foster N.L.D., a sixteen year old minor child who was in the custody of the Baldwin County Department of Human Resources ("Baldwin County DHR").  Plaintiffs agreed and accepted N.L.D. into their home two days later.  They also indicated that they would be willing to foster him for the indefinite future.  During the placement, the Kirkwoods expressed to Bell and Waffle concerns regarding N.L.D.'s behavior to include stealing and watching pornographic videos.  On November 16, 2022, Ms. Kirkwood was home with N.L.D., S.R.K., and her other three minor children.  She noticed S.R.K.'s door was closed and locked.  When she unlocked and opened the door, she found N.L.D. and S.R.K. on a bed and fully unclothed/naked.  She also saw N.L.D. with an erect penis and digitally touching and/or penetrating S.R.K.'s vagina.  Ms. Kirkwood immediately notified the authorities.  *Id*. at 3, ¶¶ 11-16.

Plaintiffs allege that, upon information and belief, that Coleman, Green, Bell, Brown, Campbell, and Waffle had actual and constructive knowledge of N.L.D.'s history of committing sexual assault on other minor children. Plaintiffs further allege that they were not notified of this history of sexual assault on other minor children until after he sexually abused, molested, and/or raped S.R.K. Specifically, Ms. Kirkwood was notified by Bell of the history and that she was aware of it. *Id*. at 3, ¶¶17-19.

After removing the case to federal court on February 23, 2023, Defendants Buckner, Coleman, Bell, Brown, and Waffle filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and alternative motion for more definite statement pursuant to Fed. R. Civ. P. 12(e). *See* Docs. 2, 3. Plaintiffs timely filed their response in opposition to the motion to dismiss. Doc. 7. Additionally, the Court also notes that two defendants – Campbell and Green – have not yet been served or appeared.

After review of the pleadings, motion, and response the Court determines the motion to dismiss and alternative motion for more definite statement is fully briefed and no oral arguments are necessary.

### III.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached

thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). The court must draw "all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

However, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950, 173 L. Ed 868 (2009). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682, 129 S. Ct. at 1951-52).

Rule 12(b)(6) is read in consideration of Federal Rule of Civil Procedure 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless the plaintiffs have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S at 556, 127 S. Ct. at 1965).

### IV.  DISCUSSION AND ANALYSIS

**A.  Shotgun Pleading**

Fed. R. Civ. P. 8 provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Fed. R. Civ. P. 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, internal quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit.

*Weiland*, 792 F.3d at 1320.  "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting *Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018).[1]  Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).  There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

Defendants argue that Plaintiffs have managed to satisfy all four categories of a shotgun pleading.  The Court agrees that Plaintiffs have filed a pleading that quintessentially fits into the first category of shotgun pleadings in that each count adopts and incorporates all the preceding paragraphs which causes each successive account to be a combination of everything that precedes it.  The Court doubts the complaint would fit into categories two and three, but does have concerns it may also fit the category four by not specifying distinctions between defendants in their official

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

and individual capacities or specifying how each DHR defendant fits within the construct of the counts asserted. But, ultimately the Court need not officially determine whether the remainder of the Defendants arguments about categories two, three, and four are valid because whether it is one or all types, the Complaint is a shotgun pleading and the Court has already determined it definitely fits within the first category.

A complaint that falls into the first category of shotgun pleading "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (citations omitted). Therefore, the Court will grant the dismissal of Plaintiffs' complaint as a shotgun pleading but also allow them an opportunity to remedy the deficiencies contained therein. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." (citation and internal quotation marks omitted)). "Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order-by filing a repleader with the same deficiency-the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

Plaintiffs are instructed to ensure their amended complaint does not incorporate all preceding paragraph under each count and instead make sure that each count specifically identifies the basis for the claim, against which defendant the count is asserted, and how the facts and law relate to the defendants (individually and/or officially). Further, the Court will note additional deficiencies below so that those may also be corrected with the amended complaint.

### B. Fictitious Party Pleading

Plaintiffs also included in their complaint numerous fictitious defendants. The fictitious parties have been identified as follows:

> Fictitious Parties 1–5 are those entities whose identities are otherwise unknown to the Plaintiffs at this time, or if their names are known to the Plaintiffs at this time, their identities as proper parties are not known at this time, but whose true names will be substituted by amendment when ascertained.

Doc. 2-2 at 2.

As a general matter, fictitious party pleading is not permitted in federal court. *See, e.g.*, *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see also Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (recognizing limited exception to the general rule). The Court recognizes that this complaint was originally filed in state court where fictitious party pleading is permitted. However, under federal law, Plaintiffs' Complaint does not make a *prima facie* showing that Plaintiffs' use of a fictitious party falls within an exception to the general rule recognized in this Circuit's jurisprudence. Specifically, that the allegations sufficient describe a defendant who can only be one person that is readily identifiable to the point the name is essentially surplusage. *Smith v. Comcast Corp.*, 786 F. App'x 935, 940 (11th Cir. 2019).

As the Court has already determined Plaintiffs must file an amended complaint, they should take note of the standard for federal court with regard to fictitious party pleading when amending their complaint. To the extent they intend to utilize fictitious party identification, they must ensure that it meets the exceptions identified in the caselaw above.

### C. Minors

The Court agrees with Plaintiffs that it is necessary for both the minor plaintiff (S.R.K.) and minor defendant (N.LD.) to be redacted in accordance with Fed. R. Civ. P. 5.2(a)(3).

Defendants seemingly complain about Plaintiffs utilizing initials in the complaint as to the minor children at issue. *See* Doc. 3 at 6. The Court finds it difficult to believe that the Defendants are unaware of the minors involved as there is sufficient detail describing both of them. Furthermore, Plaintiffs are required by the federal rules to utilize initials for minors. Finally, a complaint in a civil action is subject to the public access to courts and must be filed openly unless there is a specific rule or requirement that indicates otherwise. "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).

However, to solve the issue and avoid Defendants asserting this frivolous argument in a new motion, in addition to the amended complaint, the Court will direct that Plaintiffs should file a separate document under seal which identifies the names of the minors involved. When sealing matters, the Court may determine that a party may overcome the common-law right by a showing of good cause. *Romero*, 480 F.3d at 1246. This standard parallels the "good cause" standing of Federal Rule of Civil Procedure 26(c) governing protective orders. The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313. When considering that balancing test, the *Romero* Court stated as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. The Court finds there is absolutely good cause – both required by the rules and for the protection of the identities of both minors – that their names should remain redacted in public pleadings and their full identities kept under seal.

### D. Service issues

Finally, the Court *sua sponte* raises the issue of service upon Defendants Tina Green and Shelby N. Campbell. The Complaint in this case was filed on January 19, 2023 in the Circuit Court of Baldwin County, Alabama. On February 23, 2023, the Defendants who had been served removed the case to federal court.

Fed. R. Civ P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Ninety days has passed from the date the complaint was filed. Ninety days from the date the case was removed is rapidly approaching (May 24, 2023) and the Court sees that summons were recently reissued as to these two defendants. *See* Doc. 9. To the extent Plaintiffs do not serve these two defendants by that date, they should file a motion requesting an extension pursuant to Rule 4(m).

### V.   CONCLUSION

Based on the foregoing, the Court finds that Defendants' Motion to Dismiss (Doc. 3) is **GRANTED in part, DENIED in part, and DENIED in part as moot**.

The motion is granted to the extent that the Court finds the Complaint is a shotgun pleading. Plaintiffs are **ORDERED** to file by **May 31, 2023** an amended complaint that remedies the deficiencies and complies with Fed. R. Civ. P. 8 and 10 by presenting each of Plaintiff's claims

for relief against each Defendant with sufficient clarity to permit Defendants and the Court to discern the factual basis for each claim raised.  The motion is denied to the extent it argues Plaintiffs inappropriately redacted the complaint by using initials for the minors.  However, as Plaintiffs are filing an amended complaint, they shall concurrently file a separate document under seal which identifies the full names of the minors at issue.  The remainder of the Motions to Dismiss and Alternative Motion for More Definite Statement are **DENIED as moot with leave to refile if appropriate**.

Further, once Plaintiffs file their amended complaint, Defendants shall file their answer or other responsive pleading in accordance with Fed. R. Civ. P. 12(a)(4).

**DONE** and **ORDERED** this 11th day of May, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE