IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHALI RENEE KIRKWOOD, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) CIV. ACT. NO. 1:23-cv-70-TFM-B |
| NANCY BUCKNER, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 23, 2024, the Magistrate Judge issued a Report and Recommendation which recommends that motions to dismiss (Docs. 16, 40) be granted in part and denied in part. *See* Doc. 49. The Magistrate Judge further provided notice of the intent to dismiss Defendant Tina Green for the same reasons as the analysis applied to the motions to dismiss. *Id*. at 14-15.

The allegations in this case are quite frankly disturbing, but as there are no objections, the Court reviews the Report and Recommendation only for clear error. Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1) is **ADOPTED** as the opinion of this Court with one modification.

The Report and Recommendation indicates that the state law claims should be dismissed without prejudice because the Court is declining jurisdiction. However, this case was originally brought to this Court by removal for federal question jurisdiction. *See* Doc. 2. As this case was removed, the appropriate process would be to decline supplemental jurisdiction and the remand the remaining state law claims back to the original state court. The Eleventh Circuit has held that remand is required. *See, e.g., Myers v. Cent. Fla. Invs., Inc.,* 592 F.3d 1201, 1226-27 (11th Cir.

2010) ("federal district courts in removal cases *must* remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.") (emphasis added); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) ("If the district court does decline to exercise supplemental jurisdiction, these claims *shall* be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441.") (emphasis added); *see also McDuffie v. Broward Cnty.*, 654 F. App'x 408, 411 (11th Cir. 2016) (holding same and quoting *Myers* and *Lewis*).

Therefore, to the extent the Report and Recommendation indicated the state law claims would be dismissed without prejudice, the Court declines to adopt that portion of the reasoning and finds it would be clear error to dismiss the state law claims even without prejudice. Instead, the Court simply remands the state law claims for further resolution by the state court.

Accordingly, the motions to dismiss (Doc. 16, 40) are **GRANTED in part** and **DENIED in part**. The motions are granted as to the federal claims asserted. The motions are denied as to the state law claims and the Court declines to exercise supplemental jurisdiction. The Court also finds that the same analysis would apply to the federal claims asserted against Defendant Tina Green, dismisses the federal claims against her and declines supplemental jurisdiction over the state law claims. The remaining state law claims are hereby **REMANDED** back to the Circuit Court of Baldwin County, Alabama.

The Clerk of Court shall take the necessary steps to effectuate the remand.

A final judgment will issue separately pursuant to Fed. R. Civ. P. 58 as to the federal claims.

**DONE** and **ORDERED** this 13th day of March, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE